CARMEN CARRIÓN GARCÍA, Plaintiff and Appellant, *v.* LUZ MARÍA SAMPEDRO ET AL., Defendants and Appellees.

No. 10647. Argued December 17, 1952.—Decided February 19, 1953.

---

*E. Martínez Rivera* for appellant. *Félix Ochoteco, Jr.,* for co-defendants.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

In an action for the liquidation of community property and other relief prosecuted in the San Juan Section of the former District Court of Puerto Rico by Carmen Carrión García against Luz María Sampedro *et al.*, that court rendered judgment dismissing the complaint after a hearing on the merits. The plaintiff moved simultaneously for the reconsideration of said judgment and for a new trial. After hearing the parties on both motions the court *a quo* entered separate orders denying them. The plaintiff then appealed from the judgment and the aforesaid orders to this Court and at her request the trial court, on May 16, 1951, ordered the preparation and filing of the transcript of the evidence for the purposes of the appeal taken. The appellant, as well as the two stenographers who acted at the trial, requested several extensions of time to file the aforesaid transcript of the evidence. Meanwhile, one of said stenographers died on August 7, 1951, without having transcribed the notes taken by him. The plaintiff subsequently filed in the court *a quo* another motion for a new trial founded on the impossibility to file the transcript of the notes taken by the deceased stenographer or, in lieu thereof, a partial statement of the case and bill of exceptions. After hearing the said motion for a

new trial the court *a quo* entered an order dismissing it. The plaintiff took the present appeal from that order.

 The question for decision is whether under the attendant circumstances the court *a quo* abused its discretion in denying the motion for a new trial.[1] In order to determine this we must make a brief summary of the essential facts said court had before it when entering the order appealed from. Appellant herself summarizes them as follows:

"1. Mr. Gandía died on August 7, 1951, without having prepared the transcript of the notes he took during the trial of this case.

"2. Mr. Gandía's notes can neither be read nor transcribed by another person. (See Transcript, p. 7.)

"3. Mr. Gandía took down all the proceedings had and the evidence admitted in the defendant's turn. (Transcript, p. 11.)

"4. The stenographer, Mr. Gandía, and the plaintiff had agreed on the compensation to be paid to the said stenographer for his work. (T., p. 18.)

"5. Neither the plaintiff nor her attorney took notes during the trial of the incidents between the parties, nor of the statements of the Judge, nor of the questions to the witnesses, nor of the answers of the latter. (T., p. 12.)

"6. Neither in the record of the court nor in the minutes of the case are there any remarks containing information as to the testimony of the witnesses."

Section 299 of the Code of Civil Procedure of 1904 [2] provided the manner of filing in this Supreme Court an appeal from judgments of the former district courts. Said Section required the appellant to furnish the appellate court with a copy of the notice of appeal, of the judgment roll and of any bill of exceptions or statement in the case upon which the appellant relied. This Section is amended in 1911,[3] and by

---

[1] The grant or refusal of a new trial rests within the discretion of the trial court and we shall not interfere with said discretion unless there is an abuse thereof. *García* v. *Vázquez*, 51 P.R.R. 873.

[2] Laws of Puerto Rico of 1904 (Sess. Laws, p. 190).

[3] Act No. 70 of March 9, 1911 (Sess. Laws, p. 226).

virtue of said amendment the system of appeal by means of a bill of exceptions and statement of the case is established for the first time. See *Mercado et al.* v. *Succession of Ferreiro*, 26 P.R.R. 433. In 1913 [4] the aforesaid Section is again amended by the addition of a "proviso," in the sense of permitting in the appeal of a final judgment the use of the bill of exceptions and statement of the case used in a motion for a new trial.

It is in 1917 that our Legislature, through Act No. 27 of November 27 of that year, (Spec. Sess. Laws, p. 274) [5] adopts the option system to appeal, permitting the parties to choose between an appeal by means of the traditional bill of exceptions and statement of the case or by means of a transcript of the evidence prepared by the stenographer. *Mercado et al* v. *Succession of Ferreiro, supra.* Said Act was not passed as an amendment to § 299, wherefore the entire Section remained in force. Its scope was merely to grant the right of option above mentioned. *González* v. *Méndez*, 33 P.R.R. 808. Subsequently and in order to conform § 299 to the aforesaid Act No. 27 of 1917, the former was again amended by Act No. 81 of June 26, 1919 (Sess. Laws, p. 674)

---

[4] Act No. 21 of May 11, 1913 (Sess. Laws, p. 63).

[5] Sections 1 and 2 of that Act read as follows:

"Section 1.—That instead of preparing the bill of exceptions or statement of the case determined by Section 299 of the Code of Civil Procedure, in order to obtain a review on appeal of any matter or order reviewable on appeal from a final judgment, there may be filed with the secretary of the court whose judgment, order or decision shall have been appealed from a written application for the making and preparation of a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto. Said written application shall be filed within ten days after filing the notice of appeal.

"Section 2.—That upon receipt of said application it shall be the duty of the court to direct the stenographer thereof to transcribe faithfully and completely the stenographic record of the hearing. Within twenty days after so directed by the court, the stenographer shall prepare a transcript of the stenographic notes of the hearing, including in such transcript a copy of all documents offered and admitted in evidence, and of any other matter the inclusion of which in the transcript may have

to the effect that "The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll [6] and of the notification of the appeal, *except in the case of approval of a transcript of the evidence pursuant to law*. In this case the record of an appeal shall be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided. . . . . ." (Italics ours.)

It was at this stage of the Act that we pointed out in *González* v. *Méndez, supra*, that "We have long foreseen that the death or failure of a stenographer might cause an appellant to fail." The reason could be that if an appellant elected the transcript of the evidence to perfect his appeal and thereafter could not file it within the term granted by law or within an extension thereof on account of the death or failure of the stenographer, the term to file a bill of exceptions and statement of the case would have already expired by then, for which reason it became impossible for the appellant to perfect his appeal.

---

been requested in the application, and shall deliver the same to the secretary of the aforesaid court. When said transcript shall have been delivered to the secretary the judge shall set a day for its approval and it shall be the duty of the secretary to serve notice thereof on the attorneys for the parties ten days in advance. On the day set for its approval the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections and exceptions of the attorneys and of the particulars in connection therewith. In said proceeding the parties may request the inclusion of all such documents, records or particulars as should be included therein, pursuant to the results of the litigation, for greater accuracy. The judge shall then certify the said transcript to be true and correct, and when so approved it shall constitute and form part of the judgment roll as if it were the bill of exceptions or statement of the case provided for in Section 299 of the aforesaid Code, all other proceedings to be as prescribed in said section."

[6] The preceding paragraph of § 299 provides that, once approved by the judge, the bill of exceptions and statement of the case shall become a part of the judgment roll.

This possible contingency was eliminated by the approval of Act No. 19 of April 11, 1935 (Sess. Laws, p. 176) amending § 299. The amendment consisted in the addition of a "proviso" to the fifth paragraph of said Section, reading as follows:

"*Provided,* That in case the appellant shall have asked for a transcript of the evidence in order to perfect the appeal, and because of death, disability, absence of the stenographer who took the notes, or of any impediment which the court may accept, it should not be possible to file said transcript, the court, upon a determination of said impossibility, shall grant the appellant a reasonable term in order that he may then file a bill of exceptions or a statement of the case, in narrative form, as hereinbefore provided."

It is clear that since then and under the option system already in force, when it later became impossible for the appellant who elected the transcript of the evidence to file same because of the death, disability or absence of the stenographer who took the notes, his appeal was not prejudiced thereby for once those facts were proved to the satisfaction of the trial court, the latter had to grant him a reasonable term to file, in lieu of the transcript of the evidence, a bill of exceptions and statement of the case. Prior to the date on which this substitute method was established we had held that when it is impossible for an appellant to perfect his appeal because of exceptional circumstances, such as when without any fault on the part of the appellant the stenographer's notes are lost, or when the stenographer dies before transcribing said notes, the trial courts retain their jurisdiction to grant a new trial on that ground. *Sánchez v. Vizcarrondo,* 45 P.R.R. 64 and 46 P.R.R. 674; *Amaral v. Gerena,* 46 P.R.R. 710, decided on May 10, 1933, May 22, 1934, and May 24, 1934, respectively. During the effectiveness of the 1935 amendment [7] which established the afore-

---

[7] Act No. 19 of 1935 was approved on April 11 of that year and took effect 90 days after its approval, namely, on July 11, 1935. *Buxó v. Sellés,* 48 P.R.R. 808, was decided precisely on that same day, July 11, 1935.

said substitute means to perfect an appeal, we decided *Buxó* v. *Sellés*, 48 P.R.R. 808, ratifying the doctrine laid down in the *Sánchez* and *Amaral* cases. In the *Buxó* case, however, this Court was not satisfied with the impossibility of reproducing the facts that developed at the trial and reversed the order appealed from granting a new trial.

Act No. 111 of May 5, 1939 (Sess. Laws, p. 574) amended the afore-said § 299 for the last time. This Act also repealed the 1917 Act establishing the option. Thenceforth, in civil actions, there is in principle only one manner to perfect an appeal: the transcript of the evidence. There is no right of option. Nevertheless, the "proviso" of the Act of 1935, *supra*, is retained to the effect that in the case of the death, absence or disability of the stenographer, appeals shall be taken by means of the bill of exceptions and statement of the case.[8]

---

[8] Section 299 of the Code of Civil Procedure as it is in force now, reads as follows:

"Section 299.—After filing an appeal from a judgment of a district court, the appellant must, within ten (10) days from the date of the filing thereof, present and file with the secretary of the court whose judgment, order or decision shall have been appealed from, a written application for the making and preparation of a transcript of the testimony offered and taken, of the evidence offered and admitted, and of all decisions, rulings or statements of the court, as well as of all objections and exceptions of the attorneys and questions or matters related thereto.

"Upon receipt of said application it shall be the duty of the court to direct the stenographer thereof to transcribe faithfully and completely the stenographic notes of the hearing. Within twenty days after so directed and notified by the court, or within the extension of time granted him upon his application or that of appellant, the stenographer shall prepare and file a transcript of the stenographic notes of the hearing, including in such transcript a copy of all documents offered and admitted in evidence, and of any other matter the inclusion of which in the transcript may have been requested in the application, and shall deliver the same to the secretary of the aforesaid court; *Provided*, That in case of documentary evidence, in the transcript prepared by the stenographer reference shall be made to the number or letter by which the document has been marked as an exhibit during the hearing, and appellant may make a transcript of the document, if feasible, indicating the number or letter corresponding to it as such exhibit, and file it in the office of the secretary of the court within the term granted to the stenographer for preparing the transcript of evidence, or within the extension of time

In 1941 and during the effectiveness of § 299 as amended by the Act of 1939, *supra*, we decided *Olmedo* v. *Rivera*, 59 P.R.R. 488. In that case one of the stenographers who had taken down part of the notes of the trial had died, wherefore the appellant was unable to file a complete transcript of the evidence. Nevertheless, she prepared and filed a statement of the case, but it was not approved by the judge of the court *a quo* to whom it was submitted for approval. We also refused to approve said statement of the case, but reserved to the appellant the right to apply to the trial court for a

---

granted for the purpose, it being the duty of the secretary to advise the judge who took cognizance of and decided the case, of said transcript of documents, and at the same time of the transcript made by the stenographer in order that the judge may approve and certify the correctness thereof, jointly with the transcript of the evidence; *And provided, lastly,* That in no case shall the delay of the stenographer in preparing said transcript constitute lawful cause to dismiss an appeal. If the stenographer should fail to prepare the transcript within the term of sixty (60) days from the date the court for the first time directed him so to do, he must be compelled to do it by the court by the pertinent coercive means. The stenographer shall deliver a copy of the transcript to appellant, another to appellee, and a third copy to the secretary for attaching it to the judgment roll, certifying said delivery at the foot of the original; *Provided, further,* That when it is necessary, for an accurate intelligence and resolution of the matter, that a map, original document or exhibit of any sort, which cannot be reproduced by copy, photograph or otherwise, be submitted to the examination and inspection of the Supreme Court, a description thereof shall be made, and the secretary of the court shall, by order of the court, after authenticating said map, original document or exhibit, under his hand and the seal of the court, send same to the secretary of the Supreme Court stating that they form part of the record in the case. When said transcript is delivered to the secretary of the said court the judge shall set a day for its approval, and it shall be the duty of the secretary to serve notice thereof on the attorneys for the parties, at least ten (10) days in advance. On the day set for its approval the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections and exceptions of the attorneys and of the particulars in connection therewith. In said proceeding the parties may request the inclusion of all such documents, records or particulars as should be included therein, pursuant to the results of the litigation, for greater accuracy. The judge shall then certify the said transcript to be true and correct, and when so approved it shall constitute and form part of the judgment roll. In case the stenographer who took down the record of the hearing dies, becomes dis-

new trial. The appellant did so and said court entered an order granting her a new trial. We subsequently dismissed as frivolous the appeal taken from that order.

In *Buxó* v. *Sellés, supra,* we neither discussed nor considered the scope of the "proviso" added to § 299 by the Act of 1935, to the effect of providing a substitute means to perfect an appeal when it became impossible for the appellant, after having elected the transcript of the evidence, to file it for any of the reasons enumerated in the statute. Nor did we discuss or consider that scope in *Olmedo* v. *Rivera,*

---

able, or absents himself, which facts must be proved to the satisfaction of the court, and it is not possible to file the transcript of the evidence, appellant shall, within a reasonable term granted him by the court for the purpose, prepare in narrative form a statement of the evidence offered and the bill of exceptions, which shall be approved and certified by the judge who took cognizance of and decided the case, and the original thereof, jointly with the judgment roll, shall be forwarded to the Supreme Court by the secretary of the district court within the term of thirty (30) days counting from the date the judge approves said statement of the case and bill of exceptions.

"The record on appeal shall be constituted by the certification issued *a quo* by the secretary of the court, or by the attorneys for the parties, of the judgment roll and notice of the appeal, except where a transcript of the evidence has been approved according to law. In such case, the record on appeal shall be constituted by said original transcript and by certifications of the other documents constituting the judgment roll authorized as hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary said certification authorized by the attorneys for the parties, or to request same from him, and said official shall without delay forward to the Supreme Court the complete record of the appeal. The record on appeal shall be filed by the attorney for appellant in the office of the Secretary of the Supreme Court within the thirty (30) days following the day in which the transcript of the evidence is approved, the delay of the secretary not to impair the appeal, and note shall be taken of the fact that notice has been served on the attorneys for appellees, together with a true copy of the allegations contained in the judgment roll.

"The record of an appeal shall be constituted by the certificate issued to the attorneys for the parties by the secretary of the court *a quo*, of the judgment roll, and the certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided.

"The secretary of the district court shall transmit to the Supreme Court, without any delay, the complete record on appeal. The record on appeal shall be filed in the office of the Secretary of the Supreme Court within the next thirty days following that on which it was approved by the Court."

*supra*, but in the latter case it was unnecessary inasmuch as there the appellant made use, although unsuccessfully, of the substitute means, filing a statement of the case, which as we have said, was not approved by the judge of the court *a quo* or by this Court.

The scope of such "proviso" is today evident. By establishing the method of the transcript of the evidence as a mandatory method to perfect an appeal, the Act anticipated the possibility that because of the death, disability or absence of the stenographer who took the notes in the trial, it should become impossible for the appellant to perfect his appeal, and provides that in such case, the appellant should make use, as a substitute method, of the bill of exceptions and statement of the case. In this manner the party prejudiced by a judgment does not lose his right to bring his case to this appellate court.

The parties are thus warned that they can not rely exclusively on the stenographer to perfect an appeal. They must also anticipate the occurrence of any of the contingencies mentioned in the Act and place themselves, by means of the exercise of a reasonable diligence, in a position to comply with the statute that reserves to them a substitute method to appeal.

In the case at bar the court *a quo* based its order mainly on Rule 10 (*f*) of the Rules of this Court, approved March 15, 1946.[9]

---

[9] Said Rule 10 (*f*) reads as follows:

"If the stenographer who took the record at the trial dies, becomes disabled, or absents himself, which facts must be proved to the satisfaction of the court, and it is not possible to file the transcript of the evidence, the appellant shall, within a reasonable term granted him by the court for said purpose, prepare in narrative form a statement of the evidence presented and a bill of exceptions, which shall be approved and certified by the judge who heard and decided the case. Within the term of thirty (30) days, counted from the date the judge approved the transcript of evidence, the clerk of the district court shall send it to the Supreme Court together with the judgment roll, documentary evidence, and the original exhibits, if any. In cases where there is no transcript of evidence, the appellant shall file the judgment roll in this court within 30 days after the filing of the notice of appeal."

This rule follows, fundamentally, the language of § 299 of the Code of Civil Procedure. The appellant maintains, however, that said rule does not apply to her case although she assumes the position that it governs the proceedings in the court *a quo*. Her argument is to the effect that since said rule contains no provision whatsoever as to what must be done when the stenographer dies without having prepared the transcript of the evidence and it becomes impossible for the appellant to submit a bill of exceptions and statement of the case, a new trial then lies. Such argument we hold, would be equally applicable to § 299, which in our judgment, governs appellant's case.

The weakness of her argument consists in that here the appellant herself, for lack of diligence, has placed herself in a position of not being able to prepare and file the partial statement of the case and bill of exceptions. She has admitted that her attorney did not take notes during the trial notwithstanding that, as stated by the judge of the court *a quo*, the oral evidence of the defendant, which is the only evidence that the appellant has been unable to send up to this Court, consisted in four brief and simple testimonies. We certainly can not consider that a party has been diligent and that it has therefore exhausted the remedies afforded to it by law when as in the instant case, the inaction of that party in failing to take notes in the trial is not duly justified. Litigants must not expect the granting of a new trial when because of their lack of foresight it becomes impossible for them to perfect an appeal. Considering all the circumstances of this case we hold that the court *a quo* did not err in denying the motion for a new trial filed by the appellant.

The order appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.